UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY D. SMITH,

        Movant,

                                                  File No. 5:06-CV-141

v.

                                                  HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                      /

**O P I N I O N**

This matter comes before the Court on Movant Jimmy D. Smith's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on October 6, 2005.

**I.**

On May 24, 2005, Movant entered a plea of guilty in this Court to one count of distributing crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C), and 860(a). On October 6, 2005, he was sentenced to 188 months in prison and a $1,750.00 fine. Judgment was entered on October 11, 2005. Movant did not appeal his sentence.

Movant now contends that he specifically directed his attorney to file an appeal, but that his attorney failed to do so. He therefore asserts that he was denied the effective assistance of counsel on appeal, and he seeks reinstatement of his appeal rights. In addition,

he contends that counsel was ineffective in failing to seek reductions to his offense level on the grounds that he had played a minimal role in the offense and demonstrated special family circumstances. Finally, he argues that counsel rendered ineffective assistance in advising him to plead guilty and in predicting the probable sentence Movant would receive.

The Government has filed a response to the motion, attaching the affidavit of defense counsel. In his affidavit, counsel avers that he discussed with Movant the fact that there existed no meritorious issues for appeal and that Movant's real opportunity for reducing his sentence consisted of cooperating with the Government, as provided in his plea agreement. Counsel further avers that at no time did Movant direct him to file an appeal. Counsel also states that he fully advised Movant about his rights and the likely consequences of his plea and that the sentence imposed was within the range both counsel and Movant had anticipated.

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where

a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion

3

and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

**III.**

The files and records in this case conclusively show that Movant is not entitled to relief on either claim of ineffective assistance of trial counsel.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that

4

counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691. To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

    A.    <u>Failure to File an Appeal</u>

In his first ground for relief, Movant contends that his attorney rendered ineffective assistance by failing to file an appeal and/or failing to advise Movant to file an appeal. In the context of an attorney's alleged failure to file an appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Where an attorney fails to initiate an appeal when specifically instructed to file he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). In contrast, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega* at 477. Where the defendant has not clearly conveyed his wishes one way or the other, a court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation

6

is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

In the instant case, Movant argues both that his attorney "fail[ed] to explain to the defendant his appellate rights" and that Movant at some unspecified time gave a "specific directive that his case be appealed." The affidavit filed by his trial attorney contradicts Movant's representation that counsel did not consult with him about filing an appeal. According to the affidavit, counsel met with Movant at the time of sentencing, advised him of his right to appeal, and counseled him that he did not see any valid appellate issues regarding the plea or sentence. Counsel avers that Movant never expressly instructed him to file an appeal.

Movant makes no specific allegations that contradict counsel's express averments. At no time does he represent when or where he allegedly directed his attorney to file an appeal. Moreover, Movant's representation is at clear odds with the record in his criminal case. On July 17, 2006, nine months after his judgment of sentence, Movant wrote to this Court for the first time, seeking to obtain a copy of the docket sheet. In that letter, Movant did not suggest that he anticipated an appeal had been filed by his attorney. Instead, Movant declared, "I am preparing for my Direct Appeal and I need my docket sheet." On August 11,

7

2006, Movant sent a similar request, again stating, "I am currently preparing for my appeal." Finally, on August 24, 2006, Movant filed a motion to compel his defense counsel to turn over all case materials to Movant. In his motion, Movant stated, "Petitioner fears he may have unintentionally or unknowingly waived his personal rights to appeal due to the fact he is unfamiliar with the intricate rules, arcane language of this Court." Rather than suggesting that counsel failed to file an appeal as directed, Movant represented that he himself may have waived his right to appeal by not proceeding in a timely fashion.

Taken together, the documents undermine the credibility of Movant's current representations that he specifically instructed his attorney to file an appeal. *See Arredondo*, 178 F.3d at 782 (recognizing that where the record contradicts a movant's claim, no evidentiary hearing is required). As a result, Movant fails to show that counsel ignored his express request that he file an appeal. *See Flores-Ortega*, 528 U.S. at 477.

Similarly, Movant does not adequately allege that his attorney failed to consult with him about filing an appeal. Instead, he makes only the vague representation that counsel failed to explain his appellate rights, and only then in the context of his declaration that he expressly told counsel to file an appeal. In contrast, counsel's affidavit to the contrary is specific and credible.

Movant has made no effort to rebut counsel's specific averments. In addition, the framework of Movant's entire argument is that Movant perceived counsel's advice as inadequate, not that counsel failed to discuss the appeal entirely. Indeed, at one point in his

8

supporting memorandum, Movant states that his attorney made a specific representation about what he intended to appeal. (Mem. in Support of Motion at 4-5.) In light of his contradictory and vague allegations, Movant is not entitled to an examination of the reasonableness of any failure to consult. *See Flores-Ortega*, 528 U.S. at 478; *Regalado*, 334 F.3d at 524.

    B.    <u>Guilty plea</u>

Movant next alleges that his trial attorney rendered ineffective assistance by failing to fully advise him regarding the consequences of his plea. He contends that, due to the ineffective assistance of counsel, his guilty plea was not made voluntarily or with full understanding of the consequences.

As with other claims of ineffective assistance of counsel, Defendant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687-88; *see also Williams*, 529 U.S. at 390-91. In a guilty plea context, while the performance prong of the *Strickland* test remains the same, to establish prejudice the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003); *Ohara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994); *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir. 1992).

Movant has failed to allege that he has suffered the requisite prejudice. He at no time asserts that, had he been advised differently, he would have declined to plead guilty and insisted on proceeding to trial. *See Hill*, 474 U.S. at 59; *Griffin*, 330 F.3d at 737. For this reason alone, Movant's claim of ineffective assistance must fail.

In addition, Movant has failed to demonstrate that counsel's performance fell below an objective standard of reasonableness. A plea of guilty is valid if it is entered voluntarily and intelligently, *Bousley*, 523 U.S. at 618, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). The Government bears the burden of showing that the Movant's plea was voluntary, intelligent and knowing. *See Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004), *rev'd in part on other grounds by Bradshaw v. Stumpf*, 545 U.S. 175 (2005). To meet constitutional muster, the totality of the circumstances must reflect that the defendant was informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755. The distinction between direct and collateral consequences turns on whether the result flowing from the plea is definite, immediate and automatic. *King v. Dutton*, 17 F.3d 151, 154-55 (6th Cir. 1994). The maximum possible sentence is a direct consequence of the plea. *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991).

In the instant case, Movant suggests that his attorney predicted that the sentencing guidelines range would be lower than the Court ultimately found. Movant therefore asserts that his pleas could not have been knowing and voluntary as he received erroneous advice.

Both the plea colloquy and the plea agreement directly contradict Movant's claim. The agreement fully describes the statutory minimum and maximum sentences for the offense to which he pleaded guilty. Those possible sentences also were fully described by the Magistrate Judge during the plea colloquy. (Plea Tr. 5-6, 20-22.)

In addition, by signing the plea agreement, Movant agreed that his guilty plea was freely, knowingly and voluntarily entered and that no other agreements had been made. Movant also acknowledged that the Court was not bound by any recommendation of the parties and could impose a sentence up to and including the maximum term of 40 years. He further acknowledged that the Court would make the final determination of the guideline range and that disagreement with the range or sentence was no basis for withdrawing the guilty plea. (Plea Agreement ¶¶7, 9.) Specifically, Movant agreed to the following provision:

> The defendant understands that no one – not the prosecutor, the defendant's attorney, nor the Court – can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory maximum.

(Plea Agreement, ¶9.)

During the plea colloquy, upon the careful questioning of the Magistrate Judge, Movant again acknowledged the representations contained in the plea agreement and repeatedly denied the existence of any other promises:

> THE COURT: Do you think anybody else has promised you anything, made any agreements to you, made any representations to you to get you to plead guilty or to enter into this agreement that are not written down in here?

THE DEFENDANT:  No, your Honor.

THE COURT:  This would be the time to say so; you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  But nobody's made such promises to you?

THE DEFENDANT:  No, your Honor.

THE COURT:  All right.  I'd like to direct your attention for just a moment to paragraph number nine which is found on page seven.  Do you have that in front of you?  That paragraph is entitled, "The Court is not a party to this agreement."  Do you see that part?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I always like to point this out because I don't want there to be any misunderstandings.  This plea agreement you've entered into is between you and the prosecutor's office, the United States.  It's not an agreement that involves the Court, which means the judge, Judge McKeague or today it means me.

It's important for you to understand that because while we're reviewing this in court here together the promises made are between you and the government's attorney, the prosecutor.  And that means that while the government has obligated itself to do or not do certain things on your behalf those obligations are not binding on Judge McKeague or the Court.

And if Judge McKeague should impose a sentence that is harsher than what somebody recommends, or is harsher than you think is fair for that matter, that doesn't give you a reason or a basis for withdrawing from this guilty plea or withdrawing from this plea agreement.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And you understand that he's the one that has to make the final decision in this case?

THE DEFENDANT:  Yes, your Honor.

>THE COURT:  And by the same token if somebody predicted what Judge McKeague will do as far as sentencing is concerned, I don't believe Judge McKeague has heard those predictions, but he would not be bound by them even if he had; do you understand that?
>
>THE DEFENDANT:  Yes, your Honor.

(Plea Tr. 22-23.)  As a result, both in his sworn testimony at the plea hearing and in his plea agreement, Movant expressly denied the allegations he raises today.

In sum, the Court is unable to identify a single consequence of the plea of which Movant was not at least twice advised, both in the plea agreement and on the record at the plea hearing.  Movant therefore has failed to demonstrate that counsel's performance fell below an objective standard of reasonableness.  Because he has failed to demonstrate either prong of the *Strickland* standard, Movant's claim of ineffective assistance of counsel is rejected.

C.    Failure to Seek Sentence Reductions

In his final claim, Movant contends that defense counsel was ineffective by failing to seek sentence reductions for Movant's alleged minimal role in the offense and special family circumstances.  The claim is without merit.

Because of his extensive criminal history, Defendant was scored as a career offender. He was sentenced at the lowest end of the guideline range for that offender classification. Under the Guidelines, the career offender scoring under Chapter 4 controls whenever it results in a higher score than the otherwise applicable scoring under Chapter 2. *See* U.S.S.G. § 4B1.1(b). Because Chapter 4 controlled this sentencing, reductions to the calculation under

13

Chapter 2 were irrelevant. Movant therefore cannot demonstrate that counsel's failure to seek the requested reductions resulted in prejudice under the *Strickland* standard.

Further, in light of the fact that Movant was named in seven counts of the indictment, more than any of the other defendants, any objection based on minimal participation would have been frivolous. Failure of an attorney to raise frivolous defenses or arguments cannot demonstrate ineffective assistance. *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986); *Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004) (failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel).

With respect to his vague allegations of special family circumstances, Movant has failed entirely to identify how his circumstances would have compelled a court to reduce his sentence. It is apparent from the record that counsel wisely chose to focus his objections on a challenge to the career offender scoring, the critical factor in determining Movant's sentence. *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("'[W]innowing out weaker arguments . . . and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective . . . advocacy."); *Strickland*, 466 U.S. at 688 (to require counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." ).

In sum, Movant has failed to demonstrate either that counsel's performance was deficient or that any failure to object was prejudicial. He therefore has failed to demonstrate ineffective assistance of counsel.

## IV.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

Under 28 U.S.C. § 2253(c)(2), the Court must next determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not

15

find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An order consistent with this opinion will be entered.


Date:    April 11, 2007           /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE